The CHIEF JUSTICE,
dissenting
I cannot concur in the opinion just read. I have no doubt of the right of a State court to inquire into the jurisdiction of a Federal court upon habeas corpus, and to discharge when satisfied that the petitioner for the writ is restrained of liberty by the sentence of a court without jurisdiction. If it errs in deciding the question of jurisdiction, the error must be corrected in the mode prescribed by the 25th section of the Judiciary Act; not by denial of the right to make inquiry.
I have still less doubt, if possible, that a writ of habeas corpus may issue from a State court to inquire into the validity of imprisonment or detention, without the sentence of any court whatever, by an officer of the United States. The State court may err; and if it does, the error may be coi'rected here. The mode has been prescribed and should be followed.
To deny the right of State courts to issue the writ, or, what amounts to the same thing, to concede the right to *413 issue and to deny the right to adjudicate, is to deny the right to protect the citizen by habeas corpus against arbitrary imprisonment in a large class of cases; and, I am thoroughly persuaded, was never within the contemplation of the Convention which framed, or the people who adopted, the Constitution. That instrument expressly declares that “the privilege of the writ of habeas corpus shall not be suspended, unless when, in case of rebellion or invasion, the public safety may require it.”